UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT
_____

MATT MILLER,

                Plaintiff,

     v.

KALAMAZOO COLLEGE,

                Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

## C O M P L A I N T

Plaintiff Matt Miller alleges the following for his complaint against Defendant Kalamazoo College.

### NATURE OF THE CASE

1.    This is an employment case about gender discrimination and retaliation. Plaintiff Matt Miller worked for Defendant Kalamazoo College in the college's facilities management department.

2.    Everything had been going great at work for Miller until Susan Lindemann took over managing the department. Before her arrival at the college, Lindemann had endured a work history where she had been subjected to discrimination and harassment by male employees in the

maintenance industry.

3.      Lindemann then (ironically) made it her mission to punish Miller for all the terrible things she had to endure as a female working in the maintenance industry.

4.      Lindemann quickly focused on Miller and targeted him for discipline that he did not deserve.  She also set up Miller to fail in his job at the college by assigning him work orders and projects that nobody at the college (or elsewhere) could complete, handle, or resolve with the resources the college had.

5.      Miller complained to the college's human resource office, its Title IX coordinator, and he filed multiple charges of employment discrimination with the EEOC.

6.      None of this gave the college even a moment's pause and it blindly supported its manager (Lindemann).  Eventually, the college executed on Lindemann's plan and terminated Miller's employment.

7.      Because of Defendant's retaliation and discrimination, Miller has suffered damages that include, but are not limited to, lost wages and benefits, liquidated damages, emotional distress, attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

8.      Plaintiff Matt Miller is an individual person who resides in Kalamazoo County, Michigan.

9.      Defendant Kalamazoo College is an institution of higher education located in Kalamazoo County, Michigan.  Defendant receives federal financial assistance within the meaning of Title IX of the Education Amendments of 1972. 20 U.S.C. § 1681(a).

10.     The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 37.2801 and as authorized by Title VII of the Civil Rights Act of 1964 and Title

IX of the Education Amendments of 1972. FED. R. CIV. P. 4(k)(1).

11. The Court has original subject matter jurisdiction over the claims asserted in the complaint under Title VII of the Civil Rights Act of 1964 and Title IX of the Education Amendments of 1972 in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.

12. The Court has supplemental jurisdiction over the state law claims asserted in the complaint in accordance with Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

13. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

14. Plaintiff Matt Miller worked as a pipefitter, welder, steamfitter, and plumber for Defendant from October 2014 until July 11, 2019.

15. Miller performed his job well and to Defendant's satisfaction.

16. Miller worked for Defendant for almost four years without incident or receiving any discipline.

17. But, in 2018, shortly after Susan Lindemann became the head of the facilities management department where Miller worked, Miller soon became a target for unwarranted and unfair discipline and criticism.

18. Lindemann, who is female, focused on Miller and held bias against him because of his gender (male).

19. Lindemann made repeated comments to Miller and others that made clear she was

- 3 -

punishing him and other males with unwarranted discipline and setting him up to fail because of the negative experiences Lindemann said she had encountered in the workplace as a female working in the maintenance industry.

20.     For example, Lindemann disciplined Miller for attending a training seminar that Defendant had already approved him to attend.

21.     Lindemann also disciplined Miller for failing to follow her directives when she had issued contradictory and conflicting directives to him at the same time.

22.     Lindemann then also repeatedly assigned Miller work orders and projects that she knew he could not complete or resolve because Defendant did not have the resources and capabilities to resolve the work orders in-house (*i.e*, setting him up to fail).

23.     Miller complained to Defendant's human resources department about the discriminatory and retaliatory treatment he endured.  In addition, Miller complained to Defendant's Title IX coordinator about these same issues.

24.     Miller then also filed multiple charges of employment discrimination with the United States Equal Employment Opportunity Commission about the discriminatory and retaliatory treatment he suffered while working for Defendant.

25.     Even so, the discriminatory and retaliatory discipline against Miller continued as it became obvious that Defendant sought to "paper up" the termination of Miller's employment by any means possible.

26.     Defendant eventually terminated Miller's employment on July 11, 2019 for reasons that were false and pretext for discrimination and retaliation.

27.     Miller filed multiple charges of discrimination against Defendant with the United

- 4 -

States Equal Employment Opportunity Commission (EEOC) and has otherwise satisfied all administrative prerequisites to filing his causes of action.

## COUNT 1

### DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

28. Miller repeats and incorporates all the previous allegations in his complaint.

29. Defendant subjected Miller to different (and worse) terms and conditions of employment in comparison to similarly situated non-male employees.

30. Defendant disciplined Miller and later terminated his employment.

31. Miller's gender (male) was a motivating factor in Defendant's decision to take these adverse employment actions against Miller.

32. Miller suffered damages because of Defendant's discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 2

### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

33. Miller repeats and incorporates all the previous allegations in his complaint

34. Miller engaged in activity protected by Title VII of the Civil Rights Act of 1964 when he complained to Defendant about the discrimination and retaliation he encountered in Defendant's workplace.

35. Miller also engaged in protected activity when he filed his charges of employment discrimination with the EEOC.

36. Defendant knew about Miller's protected activity.

37. Defendant took an adverse employment action against Miller when it disciplined

him and terminated his employment.

38.     Defendant would not have taken these adverse actions against Miller but for his protected activity.

39.     Miller suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 3

### DISCRIMINATION IN VIOLATION OF ARTICLE 2 OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

40.     Miller repeats and incorporates all the previous allegations in his complaint.

41.     Defendant subjected Miller to different (and worse) terms and conditions of employment in comparison to similarly situated non-male employees.

42.     Defendant disciplined Miller and later terminated his employment.

43.     Miller's gender (male) was one of the motives or reasons which made a difference in Defendant's decision to treat him differently (and worse) in connection with the terms and conditions of his employment as well as the decision to end his employment.

44.     Miller suffered damages because of Defendant's discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 4

### DISCRIMINATION IN VIOLATION OF ARTICLE 4 OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

45.     Miller repeats and incorporates all the previous allegations in his complaint.

46.     Defendant subjected Miller to different (and worse) terms and conditions of employment in comparison to similarly situated non-male employees and otherwise denied him the full utilization and benefits of an educational institution, as well as the services, activities, or pro-

grams provided by the educational institution.

47.    Defendants terminated Miller's employment.

48.    Miller's gender was one of the motives or reasons which made a difference in Defendant's decision to treat him differently (and worse) in connection with the terms and conditions of his employment and the decision to deny him the full utilization and benefits of an educational institution, as well as the services, activities, or programs provided by the educational institution.

49.    Miller's gender was one of the motives or reasons which made a difference in Defendant's decision to terminate his employment.

50.    Miller suffered damages because of Defendant's discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

### COUNT 5
### RETALIATION IN VIOLATION OF MICHIGAN'S
### ELLIOTT-LARSEN CIVIL RIGHTS ACT

51.    Miller repeats and incorporates all the previous allegations in his complaint

52.    Miller engaged in activity protected by Michigan's Elliott-Larsen Civil Rights Act when he complained to Defendant about the discrimination and retaliation he and others encountered in Defendant's workplace and at its educational institution.

53.    Defendant knew about Miller's protected activity.

54.    Defendant took adverse employment and educational actions against Miller when Defendant subjected him to different (and worse) terms and conditions of employment in comparison to employees who had not engaged in protected activity as well as when Defendant terminated his employment.

55.     There was a causal connection between Miller's protected activity and the adverse employment and educational actions Defendant took against him.

56.     Miller suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

**COUNT 6**

**DISCRIMINATION IN VIOLATION OF TITLE IX
OF THE EDUCATIONAL AMENDMENTS OF 1972**

57.     Miller repeats and incorporates all the previous allegations in his complaint.

58.     Defendant subjected Miller to different (and worse) terms and conditions of employment in comparison to similarly situated non-male employees and otherwise denied him the full utilization and benefits of an educational institution, as well as the services, activities, or programs provided by the educational institution.

59.     Defendants terminated Miller's employment.

60.     Miller's gender was one of the motives or reasons which made a difference in Defendant's decision to treat him differently (and worse) in connection with the terms and conditions of his employment and the decision to deny him the full utilization and benefits of an educational institution, as well as the services, activities, or programs provided by the educational institution.

61.     Miller's gender was one of the motives or reasons which made a difference in Defendant's decision to terminate his employment.

62.     Miller suffered damages because of Defendant's discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 7

### RETALIATION IN VIOLATION OF TITLE IX
### OF THE EDUCATIONAL AMENDMENTS OF 1972

63.     Miller repeats and incorporates all the previous allegations in his complaint

64.     Miller engaged in activity protected by Title IX of the Educational Amendments of 1972 when he complained to Defendant about the discrimination and retaliation he encountered at Defendant's educational institution.

65.     Miller also engaged in protected activity when he filed his charges of employment discrimination with the EEOC.

66.     Defendant knew about Miller's protected activity.

67.     Defendant took an adverse educational action against Miller when it disciplined him and terminated his employment.

68.     Defendant would not have taken these adverse actions against Miller but for his protected activity.

69.     Miller suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

### JURY DEMAND

70.     Miller demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

### RELIEF REQUESTED

71.     Plaintiff Matt Miller requests that the Court enter a judgment in his favor and against Defendant in an amount that will fully and fairly compensate him for all of his damages, losses, expenses, back wages, emotional distress, attorney's fees, litigation costs, and interest.

72.     Miller also requests that the court grant him any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

MATT MILLER

Dated:  October 4, 2019                    By:    /s/  Mark S. Wilkinson

Mark S. Wilkinson (P68765)
*Attorney for Plaintiff*
PALADIN EMPLOYMENT LAW PLLC
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com